UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------
SIDNEY BRIGHT,

                              Petitioner,

                        14cv968

        -against-

UNITED STATES OF AMERICA,         MEMORANDUM & ORDER

                              Respondent.
---------------------------------------------------------------

WILLIAM H. PAULEY III, Senior United States District Judge:

        Pro se petitioner Sidney Bright moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Bright's motion is denied.

## BACKGROUND

        This Court assumes the parties' familiarity with the facts and refers only to those necessary to explain its decision. Bright was charged with four counts under a superseding indictment: (1) Count One for conspiring to distribute and possessing with intent to distribute crack cocaine, powder cocaine, and heroin, in violation of 21 U.S.C. § 846; (2) Count Two for possessing and using a firearm during and in relation to a drug trafficking crime, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (2); (3) Count Three for causing the death of Heriberto Diaz through the use of a firearm during the course of committing the crime charged in Count Two, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(j) and 2; and (4) Count Four for intentionally killing Diaz while engaged in a conspiracy to distribute crack cocaine and cocaine, and aiding and abetting the same, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 848(e)(1)(A). United States v. Bright, 528 F. App'x 88, 89–90 (2d Cir. 2013) (summary order); S2 Superseding Indictment, United States v. Bright, (No. 06-cr-

242), ECF No. 39 ("Indictment").  The first trial ended in a mistrial due to a potential conflict of interest between Bright's attorney and a Government witness.  Bright, 528 F. App'x at 90–91.

At his retrial, a jury convicted Bright on Count One for conspiring to distribute and possessing with intent to distribute crack cocaine and on Count Two for possessing and using a firearm during and in relation to a drug trafficking crime.  Bright, 528 F. App'x at 90. This Court sentenced Bright to a total of 460 months of imprisonment because it found that the Government proved by clear and convincing evidence that Bright ordered the murder of Diaz. See Bright, 528 F. App'x at 91; Judgment, United States v. Bright, (No. 06-cr-242), ECF No. 135 at 1; Sentencing Minutes at 28:17–25, United States v. Bright, (No. 06-cr-242) (finding that Bright's sentence should be increased "where a victim is killed under circumstances that would constitute murder," which the Court found "was proven by clear and convincing evidence").  The Second Circuit affirmed the conviction and sentence.  Bright, 528 F. App'x at 89–90.

Bright seeks to vacate, set aside, or correct his sentence based on a litany of grounds:

1. ineffective assistance of counsel under the Sixth Amendment, based on ten purported deficiencies, including defense counsel's alleged:

   A. failure to challenge his convictions under Counts One and Two because they fell outside the limitations period of 18 U.S.C. § 3828(a);
   B. failure to pursue a two-point reduction under application note 10(D)(i) of § 2D1.1 of the 2009 Sentencing Guidelines;
   C. failure to advise him of his double jeopardy rights;
   D. failure to investigate or discover exculpatory material;
   E. failure to challenge his prior conviction, which was used to enhance his criminal history Sentencing Guidelines category;
   F. failure to advise him of a plea offer;
   G. failure to timely file a Rule 29 motion;
   H. failure to use available impeachment material;
   I. failure to challenge Government witnesses' mental competence to testify; and
   J. failure to call the witnesses he requested;

2

2. violation of his "Sixth Amendment right to have a jury find facts that increased [Bright's] mandatory minimum sentence" and a violation of the Fair Sentencing Act;

3. "false declarations offered to grand jury to obtain indictment" in violation of the Fifth Amendment;

4. Brady violations; and

5. violation of his Fifth Amendment right "to have a grand jury charge amount of drugs that trigger the mandatory minimum."

(ECF Nos. 1, 2.)

On January 29, 2014, Bright supplemented his § 2255 motion to advance another ineffective assistance of counsel claim, arguing that he was not advised that his sentence could be enhanced via cross reference if the Court found that the Government proved the Diaz murder by clear and convincing evidence, even if a jury found him not guilty of that murder. (ECF No. 12 at 3.)

Then, on June 21, 2016, Bright brought another § 2255 motion based on intervening Supreme Court precedent, United States v. Johnson, 135 S. Ct. 2551 (2015). (ECF No. 145.) He also argued that this Court miscalculated his sentence. (ECF No. 145.)

On July 20, 2016, this Court consolidated all of Bright's applications into one § 2255 proceeding. (ECF No. 15.)

DISCUSSION

I. Standard

Under 28 U.S.C. § 2255, a petitioner may collaterally attack his sentence by "mov[ing] the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "In ruling on a motion under § 2255, the district court is required to hold a hearing '[u]nless the motion and the files and records of the case conclusively show that the

3

prisoner is entitled to no relief.'" Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013) (quoting 28 U.S.C. § 2255). Indeed, "the filing of a motion pursuant to § 2255 does not automatically entitle the movant to a hearing; that section does not imply that there must be a hearing where the allegations are 'vague, conclusory, or palpably incredible.'" Gonzalez, 722 F.3d at 130 (quoting Machibroda v. United States, 368 U.S. 487, 495 (1962)). Ultimately, it is within this Court's discretion to determine whether a hearing is necessary. See Pham v. United States, 317 F.3d 178, 184 (2d Cir. 2003). And where, like here, the judge who presided over the underlying criminal proceeding also presides over the § 2255 motion, "a full-blown evidentiary hearing may not be necessary." Raysor v. United States, 647 F.3d 491, 494 (2d Cir. 2011). Accordingly, the Second Circuit permits a "middle road" of deciding any disputed facts on the basis of written submissions. Raysor, 647 F.3d at 494.

Collateral challenges conflict with "society's strong interest in the finality of criminal convictions," so defendants are subject to a higher bar "to upset a conviction on a collateral, as opposed to direct, attack." Yick Man Mui v. United States, 614 F.3d 50, 53 (2d. Cir. 2010). Thus, to prevail on a § 2255 motion, a petitioner must show "constitutional error . . . or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Nnebe v. United States, 534 F.3d 87, 90 (2d Cir. 2008) (quotation marks omitted). In making such a showing, a petitioner "must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." Gonzalez, 722 F.3d at 131. However, "a district court need not assume the credibility of factual assertions, as it would in civil cases, where the assertions are contradicted by the record in the underlying proceeding." Puglisi v. United States, 586 F.3d 209, 214 (2d Cir. 2009).

Further, "[a] motion under § 2255 is not a substitute for an appeal." United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998). The "mandate rule . . . bars re-litigation of issues already decided on direct appeal." Yick Man Mui, 614 F.3d at 53. Further, a claim not raised on direct appeal may not be offered on collateral attack unless the petitioner can show both cause for the default and actual prejudice, or demonstrate actual innocence. United States v. Thorn, 659 F.3d 227, 231 (2d Cir. 2011). Establishing cause requires a showing that "some objective factor external to the defense impeded counsel's efforts to comply" with applicable procedural rules. Murray v. Carrier, 477 U.S. 478, 488 (1986). Prejudice means the claimed error "resulted in substantial disadvantage, infecting the entire trial with error of constitutional dimensions." Gutierrez v. Smith, 702 F.3d 103, 112 (2d Cir. 2012) (citation omitted). To demonstrate actual innocence, a petitioner must show "factual innocence, not mere legal insufficiency, and demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Thorn, 659 F.3d at 233–34 (internal citation omitted).

Because Bright is proceeding pro se, his petition is held to "less stringent standards than [those] drafted by lawyers." Santiago v. United States, 187 F. Supp. 3d 387, 388 (S.D.N.Y. 2016) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); accord Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001). And this Court must liberally construe his papers "to raise the strongest arguments they suggest." Green, 260 F.3d at 83 (quotation marks omitted) (applying these standards in the § 2255 context). However, pro se litigants are "not exempt from compliance with relevant rules of procedural and substantive law." Carrasco v. United States, 190 F. Supp. 3d 351, 352 (S.D.N.Y. 2016) (quotation marks omitted).

II. <u>Issues Raised on Appeal</u>

On appeal, Bright raised many of the arguments that he now advances in his § 2255 motion. More specifically, Bright previously asserted five of the grounds for ineffective assistance of counsel that he reiterates in this proceeding, namely:

1. (A) failure to challenge his convictions under Counts One and Two because they fell outside the limitations period of 18 U.S.C. § 3828(a);

2. (E) failure to challenge his prior conviction, which was used to enhance Bright's criminal history Sentencing Guidelines category;

3. (G) failure to timely file a Rule 29 motion;

4. (I) failure to challenge Government witnesses' mental competence to testify; and

5. (J) failure to call the witnesses Bright requested.

<u>Compare</u> Appellate Brief and Appendix for Sidney Bright, 2012 WL 2785401, at *16–17, *20–22, *25 (June 19, 2012); Supplemental Appellate Brief, 2012 WL 5903806, at *4, *10–11, *19–23 (Oct. 9, 2012), <u>with</u> <u>Bright</u>, 528 F. App'x at 93.

But that is improper and those arguments are foreclosed. <u>See</u> <u>Yick Man Mui</u>, 614 F.3d at 53; <u>United States v. Pitcher</u>, 559 F.3d 120, 123 (2d Cir. 2009) ("It is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal." (quotation marks omitted)).

Similarly, Bright's arguments regarding <u>Brady</u> violations were raised on appeal and rejected by the Second Circuit. <u>See</u> Supplemental Appellate Brief, 2012 WL 5903806, at *19; <u>Bright</u>, 528 F. App'x at 93. Therefore, he is precluded from rearguing them here.

Moreover, although Bright's precise claims challenging his sentence were not raised on appeal, they were <u>resolved</u> on appeal and must be dismissed. <u>See</u> <u>Yick Man Mui</u>, 614 F.3d at 53 ("The mandate rule prevents re-litigation . . . of issues impliedly resolved by the

appellate court's mandate . . . [or] impliedly rejected by the appellate court mandate.") Specifically, Bright claims that his counsel failed to pursue a two-point reduction under application note 10(D)(i) to § 2D1.1 of the 2009 Sentencing Guidelines. In addition, he asserts violations of his "Sixth Amendment right to have a jury find facts that increased [Bright's] mandatory minimum sentence," the Fair Sentencing Act, and his Fifth Amendment right "to have a grand jury charge [an] amount of drugs that trigger the mandatory minimum." In essence, Bright argues that his mandatory minimum sentence was miscalculated and that a jury/grand jury should have made those determinations.

But the Second Circuit held that "the District Court made clear that it did not rely on the mandatory minimum calculation in sentencing," so "any arguable error [in the calculation of Bright's mandatory minimum sentence] was harmless," and that "the District Court did not abuse its discretion in imposing Bright's sentence. To the extent that the District Court erred in miscalculating Bright's mandatory minimum sentence, it was harmless." Bright, 528 F. App'x at 93.

Moreover, this Court acknowledges that it would have imposed the same sentence irrespective of whether these arguments were meritorious. Therefore, his claims fail. See United States v. Bermingham, 855 F.2d 925, 934–35 (2d Cir. 1988) ("As long as the sentencing judge is satisfied that the same sentence would have been imposed no matter which of the two guideline ranges applies, the sentence should stand. And a reviewing court similarly need not select between the two arguably applicable guideline ranges if it is satisfied that the same sentence would have been imposed under either guideline range.").

III.     Issues Not Raised on Appeal

As a threshold matter, all Bright's other remaining claims, except his Johnson claim, should be dismissed because he did not raise them on his direct appeal and has failed to demonstrate cause for the default and actual prejudice, or actual innocence.  See Thorn, 659 F.3d at 231.  Indeed, the circumstances giving rise to those claims all occurred before appellate counsel's retention, and nothing in Bright's papers demonstrates that his counsel was unaware of them.  Nevertheless, in an abundance of caution, this Court addresses each of them.

The majority of Bright's claims relate to ineffective assistance of counsel.  To prevail on such claims, Bright must show that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice resulted—i.e., there is a reasonable probability that, but for the deficient representation, the outcome of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 687–88 (1984).  With regard to the first prong, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990) (internal citation omitted).

   A. Failure to Advise Bright of Double Jeopardy Rights

Bright argues that he received ineffective assistance of counsel because he was not properly advised of his double jeopardy rights.  Simply put, he claims that if he knew he could be retried after the declaration of a mistrial, he would not have consented to such a declaration.  The Second Circuit affirmed the dismissal of Bright's double jeopardy motion. United States v. Bright, 356 F. App'x 474, 477 (2d Cir. 2009) (summary order).  In doing so, the Second Circuit found that (1) Bright consented to the mistrial, (2) Bright was represented by counsel throughout the discussion regarding whether a mistrial should be declared, (3) the

Government did not intentionally provoke a mistrial, and (4) "none of the alleged flaws in the prosecution's case that the defendant argues motivated the prosecution to prompt the mistrial would [have] been remedied by a second trial." Bright, 356 F. App'x at 476–77 (alteration in original).

Bright's petition thus fails to satisfy both Strickland prongs. First, his counsel's performance was not deficient. In fact, counsel's advice to consent to a mistrial, rather than go forward with a conflict, was likely sound advice. And Bright knowingly consented to that decision. Moreover, had Bright's counsel not moved for a mistrial, this Court is confident Bright would have challenged that decision as yet another ground for ineffective assistance. Second, no prejudice exists, as "none of the flaws in the prosecution's case . . . would [have] been remedied by a second trial." Bright, 356 F. App'x at 477.

> B. Failure to Investigate or Discover Exculpatory Material
>    and Use Available Impeachment Material

For these claims, Bright makes vague and conclusory allegations bereft of any detail. In short, they are "blanket assertions against his trial counsel's performance in a self-serving affidavit." Davison v. United States, 2001 WL 883122, at *8 (S.D.N.Y. Aug. 3, 2001) (citation omitted). These "[a]iry generalities, conclusory assertions and hearsay statements" are plainly insufficient. Guerrero v. United States, 2017 WL 1435743, at *5 (S.D.N.Y. Apr. 20, 2017).

Moreover, "a defendant cannot prevail on a claim of ineffective assistance merely because he believes that his counsel's strategy was inadequate." Cromitie v. United States, 2017 WL 1383982, at *7 (S.D.N.Y. Apr. 7, 2017) (quoting Albanese v. United States, 415 F. Supp. 2d 244, 249 (S.D.N.Y. 2005)). It is well settled that a "strategic decision does not constitute ineffective assistance of counsel." Jiang v. Mukasey, 522 F.3d 266, 270 (2d Cir. 2008). Indeed,

9

"courts are instructed not to second-guess reasonable professional judgments and impose on counsel a duty to raise every colorable claim." Parks v. Sheahan, 104 F. Supp. 3d 271, 288 (E.D.N.Y. 2015) (quotation marks omitted); see United States v. Berkovich, 168 F.3d 64, 67 (2d Cir. 1999) (quotation marks omitted) ("[A]ctions or omissions that might be considered sound trial strategy do not constitute ineffective assistance . . . .").

Bright offers nothing to demonstrate that his counsel's investigation was insufficient, or that their strategic decisions regarding impeachment fell below an objective standard of reasonableness. As this Court observed during the trial, Bright's counsel mounted a vigorous defense. As such, this Court "will not second-guess trial counsel's defense strategy simply because the chosen strategy . . . failed." United States v. DiTommaso, 817 F.2d 201, 215 (2d Cir. 1987). And even if counsel's performance was deficient, the Government presented overwhelming evidence of Bright's guilt. Indeed, this Court found that the Government proved the Diaz murder by "clear and convincing" evidence. Bright, 528 F. App'x at 91; Sentencing Minutes at 28:17–25, United States v. Bright, (No. 06-cr-24).

C. Failure to Advise Bright of a Plea Offer

"To establish prejudice, [Bright] must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." McLean v. United States, 2016 WL 3910664, at *6 (S.D.N.Y. July 13, 2016).

Bright claims that he would have accepted a plea offer of 300 months had he known that his sentence could have been increased without a jury finding that he murdered Diaz. But he fails to offer "objective evidence" that he would have accepted such an offer. Puglisi, 586 F.3d at 218. In fact, the record suggests the opposite. In colloquy on the record, Bright advised this Court that he had no intention of accepting a 300-month plea offer and that he knew he faced life in prison if he was convicted at trial: "I'm facing the rest of my life in jail, your Honor. So if I, if I got to sit for a couple months to prepare proper defense for me to go home to my family, that's something I must have to do. . . . They offer me a plea for 25 years [or 300 months], your Honor. I don't, I don't want that." Proceeding Tr. dated July 23, 2008 at 356:3–20, United States v. Bright, (No. 06-cr-242). This colloquy forecloses any argument that Bright would have accepted the plea offer.

D. False Declarations to the Grand Jury

Bright argues that "the same false declarations" showcased by the Government at trial were presented to the grand jury that returned the indictment. But this Court is uncertain to which "false declarations" Bright refers. Indeed, this Court—and a jury—heard the evidence at trial and found it to be credible. Here again, Bright offers nothing beyond "[a]iry generalities, conclusory assertions and hearsay statements." Guerrero, 2017 WL 1435743, at *5. Accordingly, this claim is denied.

E. *Johnson* Challenge

Bright argues that the intervening Johnson decision applies to his case and warrants reversal of his conviction. In Johnson, the Supreme Court held that the residual clause of 18 U.S.C. § 924(e)'s definition of "violent felony" was unconstitutionally vague. Johnson, 135 S. Ct. at 2560; see also Sessions v. Dimaya, 138 S. Ct. 1204, 1210 (2018) (holding that the

11

phrase "crimes of violence" was unconstitutionally vague). But Bright was charged and convicted under 18 U.S.C. § 924(c)(1)(A)(i), which calls for an enhanced sentence in cases where a defendant carries or uses a firearm "<u>in relation to a drug trafficking crime</u>." See 18 U.S.C. § 924 (c)(1)(A)(i); Indictment, Count Two, ¶ 4 ("Bright . . . during and in relation to a drug trafficking crime . . . did use and carry a firearm . . . ."); <u>Bright</u>, 528 F. App'x at 90. That statutory language does not include the residual clause struck down by <u>Johnson</u>, or anything similar to it. Accordingly, Bright's <u>Johnson</u> claim is denied.

## CONCLUSION

For the foregoing reasons, Bright's § 2255 motions are denied. Further, this Court has considered all of Bright's arguments and considers them to be without merit. Because Bright has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not be issued. <u>See</u> 28 U.S.C. § 2253(c). In addition, this Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to terminate all pending motions and to mark this case as closed. The Clerk of Court is further directed to mail a copy of this Memorandum & Order to Bright.

Dated: November 8, 2018
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.